# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICA FIRST POLICY INSTITUTE § | | |
| § | | |
| v. § | CAUSE NO. _____ | |
| § | | |
| OFFICE OF PERSONNEL § | | |
| MANAGEMENT § | | |
| § | | |

## **PLAINTIFF AMERICA FIRST POLICY INSTITUTE ORIGINAL COMPLAINT**

To the Honorable United States District Court Judge:

Plaintiff America First Policy Institute, AFPI, comes before this Court to file its *Original Complaint* for violations of its duties under the Freedom of Information Act against Defendant Office of Personnel Management, as described below.

## I.   PARTIES

1. Plaintiff America First Policy Institute is a Washington D.C. non-profit corporation headquartered in Fort Worth, TX, and may be served through its attorney of record, the undersigned.

2. Defendant Office of Personnel Management is an agency of the United States. OPM's address for service of process is 1900 E Street, N.W. Washington, D.C. 20415.

## II.   VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. This Court has personal jurisdiction over this suit because AFPI has its principal place of business in Fort Worth, TX pursuant to 5 U.S.C. § 552(a)(4)(B).

5.     Venue is proper in the Northern District of Texas, Fort Worth Division, because AFPI has its principal place of business in Fort Worth, Texas.

### III.    CONDITIONS PRECEDENT

6.     AFPI has satisfied all conditions precedent to bringing this suit and has provided notice as required.

### IV.    FACTS

7.     This action is simple. AFPI made valid requests for public information under FOIA. OPM has, in some instances, delayed responding for more than two years after AFPI made its requests. Therefore, AFPI is entitled to expeditious disclosure of that information and attorney's fees for having to bring this action.

**A. AFPI seeks OPM communications.**

8.     The America First Policy Institute is a policy institute headquartered in Ft. Worth that promotes policies focused on liberty, free enterprise, and American exceptionalism. As part of its mission, it routinely requests records of the federal government that are subject to the Freedom of Information Act.

9.     In furtherance of its mission, James Sherk, Director of AFPI's Center for American Freedom, submitted two FOIA requests for OPM employee communications with federal sector unions and for material submitted under certain Executive Orders on April 23, 2021. OPM designated the requests as "2021-03541" (Exhibit 1) and "2021-03553." Since that time, OPM has responded to 2021-03553.

10.    On September 16, 2021, Mr. Sherk submitted a FOIA request for emails between OPM employees and certain email accounts, designated by OPM as "2021-05535." The request and acknowledgment are attached as Exhibits 3 and 4.

11. On October 28, 2021, Mr. Sherk submitted a FOIA request for public records of certain arbitration awards submitted to the OPM. OPM designated the request as number "2022-00337." Exhibit 5. In September 2022, Mr. Sherk submitted a subsequent request seeking substantively the same material for the time between October 29, 2021, to September 6, 2022. The OPM designated this subsequent request as number "22-ES-0106-F". Exhibit 6. Since the two requests were similar in nature, the OPM consolidated that request with 2022-00337. Exhibit 7. The result was that OPM closed Request Number 22-ES-0106-F and amended Request Number 2022-00337 to include the new requests. Exhibit 5.

12. On January 12, 2022, Mr. Sherk submitted a FOIA request for records regarding OPM e-mail communications that contained enumerated terms. OPM designated the request as number "2022-00544." Exhibit 8.

13. On April 25, 2023, Mr. Sherk submitted a FOIA request seeking records regarding OPM e-mail communications with a list of enumerated e-mail domains. Later, OPM designated the request under number "23-ES-0335-F." Exhibit 9.

14. On September 11, 2023, Mr. Sherk submitted two FOIA requests seeking various public records regarding emails between certain personnel and certain email domains. Later, OPM designated the requests under number "23-ES-0565-F" and "23-OD-0566-F." Exhibits 10, 11, 12, and 13.

15. On September 15, 2023, Mr. Sherk submitted a FOIA for public records regarding emails maintained by custodians containing the term "Schedule F[.]" Exhibit 14. Later, OPM designated as request number "23-OD-0587-F." Exhibit 15.

16. On September 21, 2023, Mr. Sherk made two FOIA requests for records of emails between enumerated personnel and certain email accounts. OPM designated these requests as "23-OD-0595-F" and "23-OD-0028-F." Exhibits 16, 17, 18 and 19.

**B. OPM asks for consolidated requests and extensions.**

17. In January 2022, OPM requested that Mr. Sherk narrow Request 2021-03541 of April 2021 to a limited selection of OPM political appointees, which Mr. Sherk provided the same month. Exhibit 20.

18. Despite Mr. Sherk's compliance, OPM again asked him to narrow his request regarding the scope of production in April 2022. That same day, Mr. Sherk agreed to narrow his request from seeking " . . . document (including e-mails) . . ." to seeking " . . . e-mails and attachments . . . [.]" This was the last exchange between the OPM and Mr. Sherk that narrowed the scope of Request Number 2021-03541. Exhibit 21.

19. OPM consolidated request 22-ES-0106-F of October 2021 with request 2022-00337, closing 22-ES-0106-F. Exhibit 7.

20. After Mr. Sherk filed his September 2023 Requests 23-ES-0565-F, 23-OD-0566-F, 23-OPM-0587-F, 23-OD-0595-F, and 24-OD-0028-F, OPM invoked the statutory 10-day extension based on what it claimed were "unusual circumstances." Mr. Sherk subsequently modified AFPI's requests to cover information produced during the delay by OPM.

**C. OPM failed to respond in a timely manner.**

21. Despite receiving the requests and Mr. Sherk's narrowed scope, OPM has failed to timely produce responsive records, all of which are OPM's agency records,

within the statutory deadline of twenty business days and ten-day extension for unusual circumstances, as required by the Freedom of Information Act. Most of these requests have been pending for more than six months, and some of the revised, consolidated requests have now been "pending" for more than two years.

## V. CAUSES OF ACTION

22. The Fact Section as detailed above is incorporated here in full. AFPI brings this action for failing to respond as required by the Freedom of Information Act within the required period for disclosure.

### A. AFPI properly requested records.

23. As detailed above, AFPI made eleven written requests to OPM for FOIA records, (attached as an appendix). These requests identified the specific material to be produced based on key search terms or qualifying categories. These requests satisfied the FOIA requirements to make a proper request.

### B. OPM has failed to respond.

24. OPM failed to meet its statutory deadline to respond, even with 10-day unusual circumstances extension. Under FOIA there is a statutory deadline of twenty (20) business days to respond to public records requests. 5 U.S.C. § 552(a)(6)(A). OPM has failed to respond appropriately now for more than six months beyond the statutory deadline.

### C. AFPI has exhausted its administrative remedies.

25. AFPI requested disclosures of FOIA information more than six months ago. OPM has denied the request by delay or outright denial. This satisfies the exhaustion

of administrative remedies FOIA requires to bring judicial action. 5 U.S.C. § 552(a)(6)(C). Therefore, AFPI is entitled to injunctive relief and attorney's fees.

## VI.   DAMAGES

26. Because of OPM's breaches, AFPI requests this Court issue an injunction ordering OPM to disclose the information AFPI requested to AFPI within fourteen days of its order. Should OPM find it impracticable to comply within this period, the Court should require that OPM provide a detailed explanation to the Court within the same period, specifying the needed additional time and the reasons for the delay.

27. Pursuant to 5 U.S.C. § 552(a), AFPI seeks an award from this Court of reasonable attorney's fees, costs of court, and expenses, as the prevailing party to a dispute arising under the 5 U.S.C. § 552(a)(4)(B).

## VII.   PRAYER

Plaintiff AFPI prays that this Court issue citations, and upon final judgment, the Court award the following to AFPI from OPM:

   a. injunctive relief;
   b. attorney's fees;
   c. costs of court;
   d. expenses; and
   e. all other relief allowable at law.

Respectfully submitted,

*/s/Warren V. Norred*
Warren V. Norred; Bar No. 24045094; warren@norredlaw.com
Norred Law, PLLC; 515 E. Border Street; Arlington, Texas 76010
(817) 704-3984 (Telephone); (817) 524-6686 (Fax)
*Counsel for Plaintiff*

**Appendix (attached):**
   Exhibit 1 - 2021-03541 Acknowledgment
   Exhibit 2 – n/a
   Exhibit 3 - 2021-05535 Request
   Exhibit 4 - 2021-05535 Acknowledgment
   Exhibit 5 - 2022-00337 Request & Acknowledgment
   Exhibit 6 - 22-ES-0106-F Request & Acknowledgment
   Exhibit 7 - Consolidation of Requests 23-ES-0106-F 2022-00337.
   Exhibit 8 - 2022-00544 Request & Acknowledgment
   Exhibit 9 - 23-ES-0335-F Acknowledgment
   Exhibit 10 - 23-ES-0565-F Request
   Exhibit 11 - 23-ES-0565-F Acknowledgment
   Exhibit 12 - 23-OD-0566-F Request
   Exhibit 13 - 23-OD-0566-F Acknowledgment
   Exhibit 14 - 23-OPM-0587-F Request
   Exhibit 15 - 23-OPIM-0587-F Acknowledgment
   Exhibit 16 - 23-OD-0595-F Request
   Exhibit 17 - 23-OD-0595-F Acknowledgment
   Exhibit 18 - 24-OD-0028-F Request
   Exhibit 19 - 24-OD-0028-F Acknowledgment
   Exhibit 20 - 2021-03541 Request to Narrow Scope
   Exhibit 21 - 2021-03541 Second Request to Narrow Scope